FILED
Clerk
District Court

FEB 21 2012

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

SIN HO NAM,

    Plaintiff/Counter-Defendant,

v.

RAMON K. QUICHOCHO and JOAQUIN Q. ATALIG,

    Defendants/Counter-Plaintiffs.

Case No.: 1:10-CV-00007

ORDER:

(1) DENYING PLAINTIFF'S MOTION TO AMEND ORDER DISMISSING CASE;
(2) DENYING PARTIES' STIPULATION TO MOVE HEARING AND EXTEND TIME TO REPLY; and
(3) VACATING HEARING

On December 27, 2011, the Court denied a motion to enforce the settlement agreement in this case. (Order, Dkt. No. 47.) The grounds for the denial were that in the Order Dismissing Case (Dkt. No. 43), the Court did not expressly retain jurisdiction to enforce the agreement. Now before the Court is the Plaintiff's Motion to Amend Order Dismissing Case (hereafter "Motion to Amend," Dkt. No. 49) and Memorandum of Points and Authorities (Dkt. No. 48), filed on January 17, 2012. Also before the Court is a second Stipulation to Move Hearing and Extend Time for Reply ("Stipulation," Dkt. No. 53), filed on February 16, 2012. The Court finds that the Motion to Amend is suitable for decision on the papers already filed. For the following reasons, the Motion to Amend is DENIED, the Stipulation is DENIED, and the hearing set for February 23, 2012, is VACATED.

A court has authority to correct a mistake arising from an oversight or omission whenever one is found in an order. Fed. R. Civ. P. 60(a). Plaintiff asserts that the failure to expressly retain jurisdiction was just such an oversight or omission. (Motion to Amend at 2.) Plaintiff

-1-

avers that the parties had agreed the Court would retain jurisdiction and that the Court intended to do so. (*Id.* at 1.) In support, Plaintiff cites to *Lopez Morales v. Hosp. Hermanos Melendez, Inc.*, 460 F.Supp.2d 288 (D.P.R. 2006). There, the court granted Rule 60(a) relief to amend a dismissal order so as to retain jurisdiction to enforce a settlement agreement. *Id.* at 296.

It is far from certain that Rule 60(a) gives a court the authority to recapture lost jurisdiction. "The past cannot be rewritten; Rule 60(a) allows a court to correct records to show what *was* done, rather than change them to reflect what *should have been* done." *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006) (emphasis in original); *accord Pollack v. Rosalind Franklin University*, 2006 WL 3783418, *5 (N.D. Ill. 2006) (refusing to amend dismissal order under Rule 60(a) because failure to retain jurisdiction was not error of transcription, copying, or calculation). Yet even if Rule 60(a) were that powerful, it would be wrong to apply it in this case. The record does not indicate an intention for this Court to retain jurisdiction after dismissal. The parties' themselves did not ask the Court to retain settlement enforcement authority when they stipulated to dismiss the case with prejudice. (*See* Stipulation for Dismissal and Order, Dkt. No. 41.) While Rule 60(a) allows a court to correct some of its own errors, it does not allow it to fix the parties' own mistakes. By contrast, the parties' motion for voluntary dismissal in *Lopez Morales* expressly stated that they intended the court to retain jurisdiction to enforce the settlement terms. *Lopez Morales*, 460 F.Supp.2d at 296.

For these reasons, the Motion to Amend is DENIED. The Stipulation is also DENIED. The hearing set for February 23, 2012, is hereby VACATED.

**IT IS SO ORDERED** this 21st day of February, 2012.

RAMONA V. MANGLONA
Chief Judge